1  WALTER RILEY, SBN 95919
   Attorney at Law
2  1407 Webster Street, Suite 206
3  Oakland, California 94612
   Telephone: (510) 451-1422
4  Fax: (510) 451-0406
   watlerriley@rrrandw.com
5

6  ANDREW CHAN KIM, SBN 315331
   KIM LAW OFFICE
7  P.O. Box 432
   Belmont, California 94002
8  Telephone: (650) 339-2005
   Email: chan.a.kim@gmail.com
9

10 Attorneys for Plaintiff
   KIEMARIAH RICHMOND
11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 KIEMARIAH RICHMOND,                    ) Case No.
                                          )
16                  Plaintiff,            ) **COMPLAINT FOR DAMAGES,**
17                                        ) **DECLARATORY AND INJUNCTIVE**
                                          ) **RELIEF, AND DEMAND FOR JURY**
18       vs.                              ) **TRIAL**
                                          )
19 CITY AND COUNTY OF SAN FRANCISCO,      )
   [FIRST NAME UNKNOWN] GEE, [FIRST       )
20 NAME UNKNOWN] IBARRA, [FIRST           )
   NAME UNKNOWN] LUO, [FIRST NAME UNKNOWN])
21 UNKNOWN] LUO, [FIRST NAME UNKNOWN])
   TANG, [FIRST NAME UNKNOWN] TOY and     )
22 DOES 1-25,                             )
                                          )
23                  Defendants.           )
                                          )
24 _____)

25       Plaintiff Kiemariah Richmond alleges the following:

26                           **INTRODUCTION**

27       1.      Since being booked on October 12, 2022, employees of the City and County of San

28 Francisco (CCSF) subjected Mr. Kiemariah Richmond, who has not been convicted of a crime, to

_____
*Kiemariah Richmond v. CCSF, et al.*
Complaint and Demand for Jury Trial - 1

extreme violence at the hands of deputies and another prisoner. As a result, Mr. Richmond, who is only 24 years old, sustained physical injuries and severe mental and emotional distress.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to redress deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

3.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located and reside in the Northern District of California, and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

## PARTIES

4.      Plaintiff Kiemariah Richmond is a citizen of the United States and a competent adult. He is a pretrial detainee imprisoned by CCSF. He is currently housed at County Jail No. 3 (CJ3) at 1 Moreland Drive, San Bruno, California 94066.

5.      Defendant CCSF is a municipal corporation, duly organized and existing under the laws of the State of California and is the employer of the individual CCSF defendants. At all material times herein, CCSF was responsible for supervising, enacting, and enforcing the conduct of its employees and for implementing policies, procedures, and practices that comply with federal and state law.

6.      At all material times herein, defendant [First Name Unknown] Gee was employed by defendant CCSF as a deputy and was acting within the course and scope of that employment at such times. He is being sued in his individual capacity as a SFSO Deputy.

7.      At all material times herein, defendant [First Name Unknown] Ibarra was employed by defendant CCSF as a sergeant and was acting within the course and scope of that employment at such times. He is being sued in his individual capacity as a SFSO sergeant. As sergeant, defendant Ibarra was a supervisor and in charge of training his subordinates and enforcing SFSO policies and procedures.

8.      At all material times herein, defendant [First Name Unknown] Luo was employed by defendant CCSF as a deputy and was acting within the course and scope of that employment at such times. He is being sued in his individual capacity as a SFSO Deputy.

9.      At all material times herein, defendant [First Name Unknown] Tang was employed by defendant CCSF as a deputy and was acting within the course and scope of that employment at such times. He is being sued in his individual capacity as a SFSO Deputy.

10.     At all material times herein, defendant [First Name Unknown] Toy was employed by defendant CCSF as a deputy and was acting within the course and scope of that employment at such times. He is being sued in his individual capacity as a SFSO Deputy.

11.     Mr. Richmond alleges, on information and belief, that each of the defendants sued herein, whether known or unknown, was wrongfully, deliberately indifferently, negligently, and/or otherwise responsible in some manner for the events that happened as hereinafter described, and proximately caused injuries and damages to him.

12.     Mr. Richmond is informed, believes, and thereon alleges that each of the defendants, whether known or unknown, was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, whether known or unknown, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Mr. Richmond is further informed, believes, and thereon alleges that each of the defendants herein, whether known or unknown, gave consent, aid, and assistance to each of the remaining defendants, whether known or unknown, and ratified and/or authorized the acts or omissions of each defendant, whether known or unknown, as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each defendant, whether known or unknown, was an integral participant, jointly and fundamentally engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivations of Mr. Richmond's constitutional rights and other actionable harm.

13.     The acts and omissions of all City and County defendants, whether known or unknown, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of CCSF and/or the SFSO.

14.     At all material times, each defendant, whether known or unknown, acted under color of the laws, statutes, ordinances, and regulations of CCSF and the State of California.

**GENERAL ALLEGATIONS**

15.     Mr. Richmond was booked into CCSF's custody on October 12, 2022. He is currently imprisoned at CJ3.

16.     On or about April 29, 2023, Deputies [First Name Unknown] Gee and [First Name Unknown] Toy allowed another prisoner out of his cell while Mr. Richmond was handcuffed behind his back, allowing the unrestrained prisoner to assault Mr. Richmond.

17.      Deputies Gee and Toy then deployed oleoresin capsicum (OC) spray on Mr. Richmond, despite him being handcuffed and the victim of the attack.

18.     Once the situation was controlled, Deputies Toy and Gee told Lieutenant Michael Zehner that Mr. Richmond provoked the attack.

19.     Deputies Gee and Toy did not immediately provide Mr. Richmond medical assistance even though he had just been attacked, and did not allow him to decontaminate.

20.     In the past, Deputies Gee and Toy expressed their dislike and disdain of Mr. Richmond, even stating that they wish he would die of lethal injection in front of him and other prisoners.

21.     On or about September 1, 2024, and after returning from the hospital, CCSF employees denied Mr. Richmond his food, negatively affecting his mental health and causing Mr. Richmond to attempt suicide by swallowing pills.

22.     Sergeant [First Name Unknown] Ibarra decided to extract Mr. Richmond from his cell by calling a Special Operations Response Team (SORT). Mr. Richmond complied with the deputies' orders and was escorted to the safety cell.

23.     While in the safety cell, Deputies [First Name Unknown] Luo and [First Name Unknown] Tang slammed Mr. Richmond's face to the ground and tightened his handcuffs before twisting his wrist and hyperextending his fingers. Mr. Richmond complained of pain. The deputies then punched, kicked, and elbowed Mr. Richmond. At all relevant times, Mr. Richmond was compliant and did not resist.

24.    Deputies Luo and Tang then forcibly stripped Mr. Richmond naked while he was lying on the ground and while his legs were twisted, and then forcibly searched his mouth. They told him to spread open his buttocks even though he was having difficulty standing. After finding nothing, Deputies Luo and Tang told Mr. Richmond to dress into a smock.

25.    Once dressed in the smock, Deputies Luo and Tang threw Mr. Richmond onto a wheelchair and began pulling him by the neck of his smock, causing him to choke and to experience difficulty breathing.

26.    Deputies Luo and Tang instructed Mr. Richmond to walk through a metal detector and then to sit back in the wheelchair. He was then wheeled back to the safety cell where he remained for close to 24 hours. Mr. Richmond did not resist at any point throughout the interaction.

27.    No medical evaluation was made for several hours in violation of SFSO policy while Mr. Richmond was inside the safety cell. At his first opportunity to do so, Mr. Richmond reported injuries to his wrist and hands to a nurse. The nurse [Name Unknown] confirmed that Mr. Richmond's wrists and ankles looked swollen.

28.    Following the safety cell placement, CCSF employees took Mr. Richmond to San Francisco General Hospital where his injuries were treated.

29.    As a result of CCSF employees' actions, Mr. Richmond sustained physical injuries, including pain to his head and face, pain to his hands and ankles and lower extremities, including swelling, bruising, and numbness, and mental and emotional distress including nightmares, depression, anxiety, stress, and sleeplessness.

30.    At all material times, the actions and omissions of each defendant were intentional, and/or wanton, and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Mr. Richmond's rights, and/or grossly negligent, and/or negligent.

31.    The conduct of defendants was malicious, oppressive, or in reckless disregard of Mr. Richmond's rights. Defendants emotionally tormented and physically assaulted Mr. Richmond, causing him pain, suffering, discomfort, stress and anxiety. CCSF failed to care for Mr. Richmond.

1  Mr. Richmond suffers ongoing stress, anxiety, depression, humiliation, and shame as a result of

2  defendants' tortious, wrongful, and constitutionally violative conduct.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PROTECT**
**(Plaintiff against defendants Gee and Toy.)**
(42 U.S.C. § 1983)

6       32.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

7  in the paragraphs above, as though fully set forth herein.

8       33.    By virtue of the foregoing, defendants Gee and Toy, with deliberate indifference to a

9  known or obvious danger, committed an affirmative act by allowing another unrestrained prisoner

10  attack Mr. Richmond while he was handcuffed behind his back, causing Mr. Richmond to be

11  placed in an actual, particularized danger or otherwise exposing him to danger that he would not

12  have otherwise faced.

13       34.    As a result of defendants Gee and Toy's conduct, Mr. Richmond sustained injuries

14  that were foreseeable.

**SECOND CLAIM FOR RELIEF**
**STATE-CREATED DANGER**
**(Plaintiff against defendants Gee and Toy.)**
(42 U.S.C. § 1983)

17       35.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

18  in the paragraphs above, as though fully set forth herein.

19       36.    By virtue of the foregoing, defendants Gee and Toy, with deliberate indifference to a

20  known or obvious danger, committed an affirmative act by allowing another unrestrained prisoner

21  access to Mr. Richmond while he was handcuffed behind his back, causing Mr. Richmond to be

22  placed in a position of an actual, particularized danger or otherwise exposing him to danger that

23  he would not have otherwise faced.

24       37.    As a result of defendants Gee and Toy's conduct, Mr. Richmond sustained injuries

25  that were foreseeable.

26  //

27  //

28

**THIRD CLAIM FOR RELIEF**
**EXCESSIVE FORCE**
**(Plaintiff against defendants Gee, Ibarra, Luo, Tang, and Toy.)**
(42 U.S.C. § 1983)

38.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

39.     By virtue of the foregoing, defendants Gee, Ibarra, Low, Tang, and Toy subjected Mr. Richmond to punishment because their actions significantly exceeded, or were independent of, the inherent discomforts of confinement and served no legitimate penological purpose.

40.     Defendants' actions caused Mr. Richmond harm for the purpose of punishment.

**FOURTH CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO MEDICAL NEED**
**(Plaintiff against defendants Gee, Luo, Tang, Toy, and DOES 1-25.)**
(42 U.S.C. § 1983)

41.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

42.     By virtue of the foregoing, defendants Mario Calderoni, Gee, Leong, Luo, Owyang, Tang, Toy, Seong, and Does 1-25 made an intentional decision to deny Mr. Richmond medical care after they witnessed another prisoner assault him and after he was placed in a safety cell despite SFSO policy mandating medical care be provided immediately after a safety cell placement.

43.     The denial of needed medical care put Mr. Richmond at substantial risk of suffering serious harm.

44.     Defendants did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved – making the consequences of their conduct obvious.

45.     By not taking such measures, defendants caused Mr. Richmond's injuries.

46.     The actions by defendants were objectively unreasonable.

//
//

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF THE BANE ACT**
**(Plaintiff against all Defendants.)**
(42 U.S.C. § 1983)

47.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

48.     At all material times, defendants acted with specific intent to violate Mr. Richmond's rights.

49.     Alternatively, defendants violated clearly delineated and plainly applicable constitutional rights, thereby demonstrating specific intent by their reckless disregard of the rights at issue.

50.     By virtue of the foregoing, defendants interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment by Mr. Richmond of rights secured by the Constitutional of the United States and of California for the purpose of depriving him of his right to be free of constitutional violations or in reckless disregard for his rights, and the interference or attempted interference caused Mr. Richmond to suffer injury, damage, loss, or harm.

51.     CCSF is the employer of the individual defendants who were in the course and scope of their employment when they performed these acts. CCSF is liable for the conduct of defendants pursuant to California Civil Code section 815.2.

**DAMAGES**

52.     As a direct and proximate result of defendants' acts and/or omissions as set forth above, Mr. Richmond sustained, and is currently sustaining, the following injuries and damages, past and future, including, but not limited to:

a.     Economic damages, including, but not limited to, loss of income and attorneys' fees and costs;

b.     Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

c.     Loss of enjoyment of life and other pain and suffering;

d.     All other legally cognizable special and general damages; and

f.      All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under United States statutes, codes, and common law.

## PUNITIVE DAMAGES

53.      In taking the actions described above, defendants acted with oppression, fraud, malice, and/or with reckless disregard of Mr. Richmond's rights and is therefore liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the following relief against each and every defendant herein, jointly and severally:

a.      Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

b.      Punitive damages under 42 U.S.C. § 1983, federal law and state law in an amount according to proof and which is fair, just, and reasonable against all defendants except the public entities;

c.      For attorney's fees and costs of suit under 42 U.S.C. § 1988;

d.      For attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

e.      All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

f.      For declaratory and injunctive relief against CCSF; and

g.      For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

//

//

Dated: July 1, 2025

KIM LAW OFFICE

By:  /s/ Andrew Chan Kim
     Andrew Chan Kim

Attorney for Plaintiff
KIEMARIAH RICHMOND