UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIEMARIAH RICHMOND,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN<br>FRANCISCO, et al.,<br><br>Defendants. | Case No.  25-cv-05545-BLF<br><br>**ORDER GRANTING-IN-PART AND<br>DENYING-IN-PART DEFENDANTS'<br>MOTION TO DISMISS**<br><br>[Re:  ECF No. 18] |

Before the Court is Defendants City and County of San Francisco, Sargant Ibarra, Deputy Gee, Deputy Luo, Deputy Tang, and Deputy Toy's ("Defendants") Motion to Dismiss Plaintiff's First and Second Causes of Action in their entirety; Third, Fourth, and Sixth Causes of Action as to Deputies Toy and Gee; and Sixth Cause of Action as to the City insofar as it is based on an alleged assault that occurred on April 29, 2023.  ECF No. 18 at 2 ("Mot."); *see also* ECF No. 23 ("Reply").  Plaintiff Kiemariah Richmond ("Plaintiff") opposes the motion.  ECF No. 22 ("Opp.").  The Court took Defendants' motion under submission and carefully reviewed the parties' briefs.  ECF No. 24.  For the following reasons, Defendants' motion is GRANTED-IN-PART and DENIED-IN-PART.

## I.   BACKGROUND

This case arises from two separate instances of alleged physical violence against Plaintiff, a 24-year-old pretrial detainee, while in the custody of the City and County of San Francisco ("CCSF").  First Amended Compl. ¶¶ 1, 4, ECF No. 13 ("FAC").  Plaintiff was first booked into CCSF custody on October 12, 2022.  *Id.* ¶ 14.  On or about April 29, 2023, Deputies Gee and Toy allegedly allowed another prisoner out of his cell while Plaintiff's hands were handcuffed behind his back and permitted the prisoner to assault Plaintiff.  *Id.* ¶ 15.  Deputies Gee and Toy then

sprayed Plaintiff with oleoresin capsicum, told Lieutenant Michael Zehner that Plaintiff provoked the attack, and did not immediately provide Plaintiff with medical assistance. *Id.* ¶¶ 16-18.

Separately, on or about September 1, 2024, Sergeant Ibarra allegedly extracted Plaintiff from his cell and placed him in a safety cell. *Id.* ¶¶ 20-21. Deputies Luo and Tang then physically assaulted Plaintiff, forcibly removed his clothing and searched his person, told Plaintiff to dress in a smock, and then dragged Plaintiff in a wheelchair by the neck of his smock. *Id.* ¶¶ 22-23. Plaintiff alleges that both incidents caused injuries that necessitated trips to the hospital. *Id.* ¶¶ 20, 26-27.

Plaintiff is currently imprisoned at Jail No. 3 in San Bruno, California. *Id.* ¶ 14. He filed this lawsuit on July 1, 2025, asserting claims for failure to protect (First Claim), state-created danger (Second Claim), excessive force (Third Claim), deliberate indifference to medical need (Fourth Claim), and violation of the Bane Act (Sixth Claim).[1] Compl. ¶¶ 32-51. He amended his complaint on October 9, 2025, to add the allegation that "[s]ometime between April 2023 to April 2024, [he] lacked legal capacity due to his disability[] [or that,] [i]n the alternative, sometime between April 2023 and April 2024, [he] may have lacked legal capacity due to his disability." FAC ¶ 4. Defendants' Motion to Dismiss followed.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6)

Dismissal of a complaint is appropriate under Rule 12(b)(6) "if the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). When considering a Rule 12(b)(6) motion, a court must "take all allegations of fact as true and construe them in the light most favorable to the nonmoving party." *Id.* While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] The complaint does not include a Fifth Claim. *See* FAC at 7-8.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

When "the statute of limitations is [raised as] an affirmative defense, the defendant bears the burden of proving that the plaintiff filed beyond the limitations period." *Payan v. Armark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123 (9th Cir. 2007).  If the defendant meets its burden, "[t]he burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993); *see also U.S. v. Marolf*, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999) ("The burden is on the plaintiff to show that equitable tolling is appropriate.").

### B.  Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

## III.    REQUESTS FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the fact that Plaintiff submitted a claim under the Government Claims Act to CCSF on December 3, 2024, related to the incident on April 29, 2023.  *See* Req. for Judicial Notice ¶ 1, ECF No. 19; Ex. A to Req. for Judicial Notice, ECF No. 19-1.  Defendants argue that this fact is admissible as an adjudicative fact under the Federal Rules of Evidence because it is a matter of public record.  *See* Req. for Judicial Notice at 1-2 (citing Fed. R. Evid. 201(b)).  Plaintiff does not dispute this request and relies on the same date in his briefing.  *See* Opp. at 5.

Separately, Plaintiff requests that the Court take judicial notice of the fact that CCSF provided a notice of action upon his claim on January 21, 2025.  *See* Kim Decl. ¶ 5, ECF No. 22-1; Kim Decl., Ex. A, ECF No. 22-2.  Additionally, counsel for Plaintiff submitted a declaration testifying that: (1) Plaintiff was continuously imprisoned by CCSF at all times; (2) Plaintiff

United States District Court
Northern District of California

underwent forensic psychological evaluations on August 8, 2024, and September 29, 2024, and that he was diagnosed with seven medical conditions; and (3) Plaintiff submitted multiple grievances related to the April 29, 2023, incident before filing his government claim. *See* Kim. Decl. ¶¶ 2-4. Plaintiff does not provide argument for why the Court should consider these materials when resolving the Motion to Dismiss, *see* Kim Decl. at 1-2; *see also* Opp. at 4, while Defendants argue that "the Court should not consider the attorney's declaration at this stage," Reply at 5.

Typically, "when ruling on a motion to dismiss, [the Court] must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). However, a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). On this basis, a court "may take judicial notice of matters of public record." *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008) (citation and quote marks omitted); *see also Interstate Nat. Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies.").

Accordingly, the Court takes judicial notice of both letters since neither is subject to reasonable dispute. The Court observes that the claim letter does not indicate whether Plaintiff filed his claim with CCSF on December 3, 2024. *See* Ex. A to Req. for Judicial Notice. However, the notice of action adequately shows that the claim was filed on December 3, 2024, and that CCSF responded on January 21, 2025. *See* Kim Decl., Ex. A at 1. Thus, the Court takes judicial notice that Plaintiff submitted a claim to CCSF concerning the April 29, 2023, incident on December 3, 2024, and that CCSF provided a notice of action on January 21, 2025.

The Court will not, however, consider the declaration from Plaintiff's counsel. Plaintiff offers no argument for why the Court may consider this testimony when resolving the Motion to Dismiss, *see* Kim Decl. at 1-2; Opp. at 4, and the Court does not independently see a basis for doing so since the declaration contains testimony concerning disputed facts that are not subject to

4

judicial notice. Accordingly, the Court will not consider the facts alleged in counsel's declaration at paragraphs 2-4 when resolving Defendants' Motion to Dismiss. *See* Kim Decl. ¶¶ 2-4.

## IV.    DEFENDANTS' MOTION TO DISMISS

Defendants seek to dismiss the causes of action in the FAC pertaining to the April 29, 2023, incident on the grounds that (A) Plaintiff's claims are time-barred by the statute of limitations and (B) the Bane Act claim is barred because Plaintiff failed to submit a claim to CCSF within six months, as required under the Government Claims Act. Mot. at 4-7; Reply at 1-5. Plaintiff does not dispute that his claims are subject to a two-year statute of limitations and that he did not file suit within that time for the April 29, 2023, incident. *See* Opp. at 3-5. Plaintiff also acknowledges that he was required to file a claim within six months. *See id.* at 5. However, Plaintiff contends that the statute of limitations was tolled by statute due to his detention and disability or, alternatively, under principles of equitable tolling. *See id.* at 3-5. Plaintiff also argues that Defendants waived their defense that his claim was untimely by failing to provide notice within 45 days. *See id.* at 5 (citing Cal. Gov't Code § 911.3(b)).

### A. Statute of Limitations

Because the parties agree that Plaintiff failed to file suit within the applicable two-year statutory period, Defendants have satisfied their burden of proving that Plaintiff filed suit beyond the limitations period. Accordingly, the burden shifts to Plaintiff to allege facts that would give rise to tolling. *See Hinton*, 5 F.3d at 395. Plaintiff argues that there are three bases for finding that the statute of limitations has been tolled: (i) statutory tolling based on imprisonment; (ii) statutory tolling based on disability; or (iii) equitable tolling. *See* Opp. at 3-5. Defendants argue that imprisonment does not apply to Plaintiff because he was a pretrial detainee, not a convicted felon, and that even if imprisonment does apply, Plaintiff did not plead facts sufficient to show that he was detained continuously. *See* Reply at 2-3. Defendants also argue that Plaintiff failed to plead facts demonstrating that he is entitled to either statutory tolling for disability or equitable tolling. *See id.* at 3-4.

#### i.    Statutory Tolling for Imprisonment

The Court begins by considering whether statutory tolling for imprisonment applies to

United States District Court
Northern District of California

Plaintiff's claims, before addressing whether Plaintiff has pled facts sufficient to entitle him to tolling.

          a.    Statutory tolling for imprisonment under Cal. Civ. Proc. § 352.1(a) applies to pretrial detainees.

In California, the statute of limitations is tolled for up to two years "[i]f a person . . . [is] imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life[.]" Cal. Civ. Proc. § 352.1(a). Whether Section 352.1 tolls the statute of limitations for pretrial detainees has not been decided by the California Supreme Court. *See Prescott v. Contra Costa Cnty.*, No. 24-cv-01660-HSG, 2024 WL 3090489, at *2 (N.D. Cal. June 21, 2024). "In the absence of a controlling California Supreme Court decision," the Court "must apply the law as it believes the California Supreme Court would apply it." *Gravquick A/S v. Trimble Navigation Int'l, Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) (instructing the Court to "predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids."); *see also Venegas v. Cnty. of Riverside*, No. 5:18-cv-02293-JLS-SHK, 2025 WL 1409580, at *4 (C.D. Cal. May 13, 2025) ("[T]he United States Supreme Court has cautioned that federal courts must not disregard the decisions of intermediate state court[s], but must also look to other sources to 'ascertain from all the available data what the state law is and apply it.'" (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236-37 (1940)).

Plaintiff relies on a recent unpublished Ninth Circuit decision, *Mosteiro v. Simmons*, to argue that the California Supreme Court would likely find "that §352.1(a) extends to a pre-trial detainee in county jail who is held in continuous custody." No. 22-16780, 2023 WL 5695998, at *1 (9th Cir. Sep. 5, 2023); *see also Elliot v. City of Union City*, 25 F.3d 800, 803 (9th Cir. 1994) (holding that predecessor statute tolled the statute of limitations for "all post-arrest custody"); Opp. at 3. Defendants reply that the Court should not follow *Mosteiro* because it is neither precedential "[n]or is it persuasive[,]" although Defendants ignore *Elliot* and do not articulate why *Mosteiro* is unpersuasive. Reply at 3. Instead, Defendants urge the Court to rely on a California Court of Appeals case, *Austin v. Medicis*, 21 Cal. App. 5th 577, 589-97 (2018), which held that

tolling under Section 352.1 is available only to convicted persons incarcerated in a prison, not pretrial detainees. *See id.* at 2.

The Court is persuaded by the reasoning in *Mosteiro* that the California Supreme Court would likely decide that Section 352.1 tolls the statute of limitations for individuals who are continuously held in pretrial detention, rather than adopting *Austin*. "Statutory interpretation under California law begins with the words themselves, giving them 'their plain and commonsense meaning[.]'" *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1071 (9th Cir. 2020) (quoting *Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284, 289 (Cal. 2007)). Here, the plain and ordinary meaning of "criminal charge" is "the specific crime the defendant is *accused* of committing[.]" *Mosteiro*, 2023 WL 5695998, at *2 (emphasis added). Additionally, interpreting "'imprisoned on a criminal charge' to mean only a 'term of imprisonment in the state prison,' . . . would render superfluous the very next phrase in the same sentence: 'in execution under the sentence of a criminal court for a term less than for life[.]'" *Id.*; *see also Elliot*, 25 F.3d at 802 n.2 ("It is the second phrase . . . that covers post-conviction incarceration, i.e., confinement in an actual prison"). Thus, the full phrase "'imprisoned on a criminal charge' plainly encompasses pre-trial detention" according to the ordinary meaning of the term and in the broader context of the statute. *Id.* (emphasis added); *see also Venegas*, 2025 WL 1409580, at *5 ("Considered in context, 'imprisoned on a criminal charge' clearly includes those in custody pending trial.").

*Austin* is at odds with the fundamental rules of statutory construction because it "conclude[ed] that § 352.1(a) is ambiguous[] [by] consider[ing] only the word 'imprisoned,' [while] disregarding not just the phrase in which it is used ('imprisoned on a criminal charge'), but the immediately following clause in the same sentence ('or in execution under the sentence of a criminal court')." *Mosteiro*, 2023 WL 5695998, at *2. The fact that "this single word 'isolated from its context is susceptible [to] more than one meaning' does not render it ambiguous." *Id.* (citation omitted). As a result, *Austin* is improperly "driven entirely by legislative history" when the statute is not ambiguous. *Venegas*, 2025 WL 1409580, at *5; *see also Prescott*, 2024 WL 3090489, at *4 ("The *Austin* court's interpretation . . . appears to sidestep the plain meaning of the statute in favor of scrutinizing its legislative history."). Thus, *Austin* is unpersuasive.

United States District Court
Northern District of California

Accordingly, the Court reaches the same conclusion as "most courts" since *Mosteiro* was decided, *Pull v. Todd*, 2025 WL 3719213, at *4 (E.D. Cal. Dec. 23, 2025); *see also Venegas*, 2025 WL 1409580, at *4; *Prescott*, 2024 WL 3090489, at *5; *Hood v. Rosen*, No. 2:23-cv-1980-KJM-JDP (P), 2025 WL 689796, at *3 (E.D. Cal. Mar. 4, 2025); *Gosztyla v. French*, No. 2:21-cv-01403-DJC-EFB (PC), 2024 WL 3400126, at *3 (E.D. Cal. July 12, 2024); *Lintvelt v. Snyder*, No. 2:23-cv-2253-DJC-CSK PS, 2024 WL 3385839, at *2 (E.D. Cal. July 12, 2024); *Moore v. Butte Cnty.*, No. 2:22-cv-01517-DJC-JDP (PC), 2024 WL 2853263, at *1 (E.D. Cal. June 5, 2024); *Frias v. Cnty. of San Diego*, No. 3:22-CV-00675-JO-AHG, 2023 WL 8285195, at *3 (S.D. Cal. Nov. 29, 2023), and finds that "there is convincing evidence that the California Supreme Court would interpret §352.1(a) differently than *Austin*" by holding that it applies to pretrial detainees, *Mosteiro*, 2023 WL 5695998, at *4.

> b. Section 352.1(a) does not toll Plaintiff's sixth claim for violation of the Bane Act.

Section 352.1(a) does not toll the statute of limitations for any "action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with [the Government Claims Act]." Cal. Civ. Proc. § 352.1(b). Defendants argue that Plaintiff's Bane Act claim is subject to the Government Claims Act, meaning that it is not tolled by Section 352.1(a). *See* Mot. at 5; Reply at 2. Plaintiff acknowledges "that he was required to submit a timely claim pursuant to the Government Claims Act" and does not respond to this argument. Opp. at 5.

A plaintiff must "present[] a written claim for damages" under "California Government Code § 911.2[] as a condition precedent to filing any civil action [for damages] under the . . . Bane Act[.]" *Inman v. Anderson*, 294 F. Supp. 3d 907, 926 (N.D. Cal. 2018). Thus, Plaintiff's Bane Act claim is indeed subject to the Government Claims Act and is, therefore, exempt from statutory tolling under Section 352.1. *Cf. Ashker v. Schwarzenegger*, No. C 05-03286 CW, 2009 WL 801557, at *23 (N.D. Cal. Mar. 25, 2009), *aff'd*, 465 F. App'x 718 (9th Cir. 2012) (holding that Section 352.1(a) does not apply to state causes of action for which a damages claim must be presented).

8

United States District Court
Northern District of California

> c. Plaintiff sufficiently alleged facts to establish tolling under Section 352.1(a) for his remaining causes of action.

Section 352.1 applies only to pretrial detainees who are held in continuous custody. *Mosteiro*, 2023 WL 5695998, at *1. Defendants argue that "Plaintiff does not plead that he was held in continuous custody during the relevant period." Reply at 3. Instead, Plaintiff "alleges only that the incident occurred while he was in County Jail, and that he is *currently* in County Jail[,]" which Defendants argue is insufficient. *Id.* (citing FAC ¶¶ 4, 14).

On a motion to dismiss, the Court construes the pleadings in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor. *See Sinclair*, 61 F.4th at 678. Adhering to these principles, Plaintiff has alleged sufficient facts to demonstrate that he was continuously detained. Plaintiff alleges that he was booked into County Jail on October 12, 2022, assaulted in jail on or about April 29, 2023, and then again on or about September 1, 2024, and that he is currently detained. FAC ¶¶ 4, 14-15, 20. In other words, Plaintiff has alleged that he was imprisoned in county jail in 2022, 2023, 2024, and 2025. The Court can reasonably infer from these allegations that Plaintiff was continuously detained. Thus, Plaintiff has sufficiently pled facts demonstrating that he is entitled to statutory tolling under Section 352.1(a) for his remaining causes of action.

### ii.    Statutory Tolling for Disability

Plaintiff also argues that the statute of limitations is tolled under Section 352 because he pled that he "lacked legal capacity due to his disability." FAC ¶ 4; *see also* Opp. 3-4. Because the statute of limitations is tolled by Plaintiff's pretrial detention, the Court does not reach this argument for Plaintiff's First through Fourth claims for relief. As for Plaintiff's Bane Act claim, Section 352—like Section 352.1—does not apply when a claim for damages must be presented under the Government Claims Act. *See* Cal. Civ. Proc. § 352(b). Thus, for the reasons previously stated, Section 352 does not toll Plaintiff's Bane Act claim either.

### iii.    Equitable Tolling

Plaintiff alternatively argues that he is entitled to equitable tolling. Opp. at 4. Defendants reply that Plaintiff has not alleged sufficient facts to establish equitable tolling. Reply at 4. Because statutory tolling is unavailable for Plaintiff's Bane Act claim, the Court considers

9

United States District Court
Northern District of California

whether Plaintiff is entitled to equitable tolling for this cause of action. *See Ashker*, 2009 WL 801557, at \*23 (considering equitable tolling when Section 352.1(b) precluded statutory tolling).

"Under California law, equitable tolling 'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies, he reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). California courts have established that a "plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy [three] factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." *Id.*  At the motion to dismiss stage, "the complaint . . . [must] adequately allege[] facts showing the *potential* applicability of the equitable tolling doctrine." *Id.* at 1277.  For example, "the continued pendency of prior actions suffices to overcome a motion to dismiss" as does the "timely initiation of administrative efforts[.]" *Id.*

Plaintiff does not allege in his complaint that he pursued an alternative remedy. Nevertheless, Plaintiff argues that he is entitled to equitable tolling because he filed a claim on December 3, 2024. *See* Opp. at 5.  But this fact is insufficient to establish entitlement to equitable tolling.  As Defendants correctly argue in reply, Plaintiff's claim was not timely. *See* Reply at 4; *see also* Kim Decl., Ex. A.  And the fact that Plaintiff submitted a claim on December 3, 2024, less than two years after the alleged assault occurred on April 29, 2023, does not explain why Plaintiff failed to file his lawsuit until July 1, 2025, after the two-year statute of limitations period lapsed.  Thus, Plaintiff has not adequately alleged that he acted reasonably and in good faith to pursue a remedy in an alternative forum. *See Cervantes*, 5 F.3d at 1275.

\* \* \*

In sum, the Court finds that Section 352.1 tolled the two-year statute of limitations for Plaintiff's First through Fourth claims for relief.  However, Sections 352.1 and 352 cannot toll the statute of limitations for Plaintiff's Bane Act claim, and Plaintiff has not established that he is entitled to equitable tolling.  Accordingly, Defendants' Motion to Dismiss is DENIED as to

Plaintiff's First through Fourth Causes of Action.  The Sixth Cause of Action is DISMISSED as to Deputies Toy and Gee, as well as the City insofar as it is based on the April 29, 2023, incident.

Although the Court does not consider the declaration from Plaintiff's counsel for purposes of resolving Defendants' Motion to Dismiss, the Court observes that it seeks to establish an alternative basis for equitable tolling.  *See* Kim Decl. ¶ 4 (stating that Plaintiff "submitted multiple grievances related to the April 29, 2023 incident").  Because this indicates a potential basis for amendment, and since the Court finds that none of the other *Foman* factors weigh against permitting amendment, dismissal is WITH LEAVE TO AMEND.

**B.  Government Claim**

Alternatively, Defendants argue that Plaintiff's Bane Act claim is barred insofar as it concerns the April 29, 2023, incident because Plaintiff failed to file a government claim within six months of the accrual of the cause of action, as required by Section 911.2 of the Government Claims Act.  *See* Mot. at 6-7; *see also* Kim Decl., Ex. A at 1 (claim filed December 3, 2024).  Because the claim is subject to dismissal due to the statute of limitations, the Court need not consider this argument.  However, if Plaintiff amends his complaint to reassert equitable tolling, he is advised to include all relevant facts concerning the satisfaction or waiver of the Government Claim process.

United States District Court
Northern District of California

**V.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Dismiss the First Amended Complaint, ECF No. 13, is GRANTED-IN-PART and DENIED-IN-PART as follows:

    a. The motion to dismiss the First through Fourth Causes of Action is DENIED.

    b. Claim six for violation of the Bane Act is DISMISSED WITH LEAVE TO AMEND as to Deputies Toy and Gee, and to the City insofar as it is based on the April 29, 2023, incident.

(2) If Plaintiff chooses to amend his complaint, he SHALL file a second amended complaint within **30 days** after the date of this order, by **March 2, 2026**.  Plaintiff may not add new claims or parties without express leave of the Court.

Dated:  January 30, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

12